IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEWPATH MUTUAL INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> JESSICA HIGGINS; JARROD WILSON, M.D.; CURATED FUND OF FUNDS, LP; CURATED FINANCIAL, INC.; MAGELLAN ADMINISTRATION CO., <br><br> Defendants. | **ORDER AND MEMORANDUM DECISION DENYING MOTION FOR JOINDER, OR, IN THE ALTERNATIVE, TO DISMISS** <br><br> Case No. 2:22-cv-709-TC-DAO <br><br> Judge Tena Campbell <br> Magistrate Judge Daphne A. Oberg |

Before the court is a motion filed by Defendant Jessica Higgins asking the court to join Valley National Administrative Services, LLC (VNAS) as a party to this action or, in the alternative, to dismiss all claims for failure to join an indispensable party. (ECF No. 96.) For the following reasons, the court denies the motion.

## BACKGROUND

The court has explained the facts underlying this litigation more fully in its recent order denying the Defendants' motion to dismiss. (See Order dated Mar. 19, 2024, ECF No. 86.) Relevant to the pending motion, the case concerns a dispute over the proper control of Plaintiff Newpath Mutual Insurance Co. (Newpath), an association captive insurance company as that term is defined by Utah Code Ann. § 31A-37-102(5). (Compl. ¶¶ 16–17, ECF No. 2.) Newpath is managed by VNAS, a captive management firm approved by the Utah Insurance Department. (Id. ¶¶ 3, 20.)

Newpath alleges that Ms. Higgins improperly wrested control of the company from its

rightfully established board of directors, first by asserting control over a separate entity, Defendant Magellan Administration Co. (Magellan) (see id. ¶ 43 (alleging that Ms. Higgins asserted control over Magellan's majority owner, York Holdings, LLC)), and then by convincing Newpath's president to sign an "Amendment to Administrative Services Agreement" with Magellan. (Id. ¶ 62.) As the court noted in its previous order, it is unclear whether the proposed relationship between Newpath and Magellan would have supplanted the management role performed by VNAS or whether Magellan would have supplied other administrative services.[1]

Newpath also alleges that Ms. Higgins asserted control over Newpath bank accounts, filed inaccurate tax returns, and directed $144,400 of Newpath funds to her affiliated businesses, Defendants Curated Fund of Funds, LP, and Curated Financial, Inc. (collectively, the Curated Entities). (Id. ¶¶ 64, 68.) After VNAS confronted Ms. Higgins about the inaccurate tax return, Ms. Higgins claimed to terminate VNAS's relationship with Newpath—although the Utah Insurance Department has not approved any other captive manager for Newpath. (Id. ¶¶ 70–71.)

This court recently denied Ms. Higgins's motion to dismiss, finding that the exercise of jurisdiction over Ms. Higgins was appropriate. (ECF No. 86 at 23–24.) Ms. Higgins now moves for joinder of VNAS, arguing that VNAS is an indispensable party to the action.

## ANALYSIS

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, a party may move to

---

[1] Attached to her motion, Ms. Higgins submits what purports to be an Amendment to an Administrative Services Agreement signed by Newpath's president and by the Curated Entities. (See Amend. Admin. Servs. Agreement, Ex. 2 to Def.'s Mot. Joinder, ECF No. 96.) It is similarly unclear how this agreement would supplant the management role performed by VNAS. Presumably, Newpath objects to this agreement for the same reasons it objects to any administrative services agreement between Newpath and Magellan.

dismiss a complaint for failure to join a required party under Rule 19.  Fed. R. Civ. P. 12(b)(7).  Rule 19 states that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action …."  Fed. R. Civ. P. 19(a)(1).  When joinder of a required party is not feasible, the court must determine whether "the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).  A court exercises discretion in deciding a Rule 12(b)(7) motion.  See N. Arapaho Tribe v. Harnsberger, 697 F.3d 1272, 1277 (10th Cir. 2012) (reviewing a district court's decision to dismiss an action for failure to join a required party for abuse of discretion).

  Here, although VNAS's relationship to Newpath and the administrative services it provides to that company may be affected by the outcome of the lawsuit, VNAS has nevertheless claimed no interest relating to the subject of the action.  Accordingly, to determine whether VNAS is a required party under Rule 19, the court must decide if it can afford complete relief among the existing parties in VNAS's absence.

  The court finds that it can.  To begin, the court agrees with Newpath that Ms. Higgins misconstrues the claims in this lawsuit.  Although Ms. Higgins suggests that the underlying dispute relates to "the failure to provide captive management services by Higgins, Curated or Magellan …" (ECF No. 96 at 2), Newpath's allegations are instead centered on a determination of who makes the decision about how (and by whom) those services should be provided to Newpath.  Newpath asserts that VNAS is the appropriate management firm.  (See Compl. ¶¶ 3, 20.)  Ms. Higgins appears to suggest that either Magellan or the Curated Entities have a

3

management relationship with Newpath.  Second, there is no suggestion that VNAS's interests are not adequately represented by Newpath.  Finally, without weighing in on the merits of Newpath's allegations, the court agrees with Newpath that the claims in this action may be resolved by 1) requiring Ms. Higgins, the Curated Entities, and Defendant Jarrod Wilson, M.D., to repay any funds they allegedly misappropriated; 2) declaring that Dr. Wilson (and former Defendant Robyn Lynn Sztyndor) are not members of Newpath's Board of Directors; and 3) invalidating any agreements between Newpath and Magellan or Newpath and the Curated Entities.

VNAS's presence in the lawsuit is therefore unnecessary to afford complete relief among the parties.  Accordingly, the court finds that VNAS is not a required party.  The court's decision does not prevent VNAS itself from asserting an interest in the action if it so desires, but the court finds no reason to dismiss the pending litigation due to VNAS's absence.

## ORDER

For the foregoing reasons, the Defendant's Motion for Joinder (ECF No. 96) is DENIED.

DATED this 22nd day of May, 2024.

BY THE COURT:

_____
Tena Campbell
United States District Judge