UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NEWPATH MUTUAL INSURANCE CO., <br><br>Plaintiff, <br><br>v. <br><br>JESSICA HIGGINS; JARROD WILSON, M.D.; CURATED FUND OF FUNDS, LP; CURATED FINANCIAL, INC.; and MAGELLAN ADMINISTRATION CO., <br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM** <br>**(DOC. NO. 109)** <br><br>Case No. 2:22-cv-00709 <br><br>District Judge Tena Campbell <br><br>Magistrate Judge Daphne A. Oberg |

Defendant Jessica Higgins has filed a motion to quash a subpoena issued by Plaintiff Newpath Mutual Insurance Co. to nonparty Wells Fargo Bank, N.A.[1] The subpoena seeks records from accounts held by defaulted defendants Curated Fund of Funds, LP, and Curated Financial, Inc. (the "Curated defendants").[2] Because Ms. Higgins lacks standing to challenge the subpoena, her motion is denied.

## BACKGROUND

As explained more fully in prior orders,[3] this case concerns a dispute over proper control of Newpath, a captive insurance company.[4] As relevant here, Newpath alleges Ms. Higgins improperly wrested control of the company from its rightful board of

---

[1] (Mot. to Quash Pl.'s Subpoena ("Mot."), Doc. No. 109.)

[2] (*See* Ex. 1 to Mot., Subpoena, Doc. No. 109-1.)

[3] (*See, e.g.*, Order and Mem. Decision Den. Mot. to Dismiss, Doc. No. 86.)

[4] (*See* Compl. ¶¶ 1, 3, Doc. No. 2.)

1

directors, and misappropriated Newpath funds by directing them to her affiliated businesses, the Curated defendants.[5]  Newpath alleges the Curated defendants are owned and controlled by Ms. Higgins.[6]

The clerk entered the Curated defendants' default in June 2023.[7]  Two months later, the Curated defendants and Ms. Higgins appeared through counsel, moved to set aside the defaults, and moved to dismiss Newpath's claims.[8]  In January 2024, the defendants' counsel withdrew.[9]  In March, the court denied the request to set aside the Curated defendants' default and denied the motion to dismiss.[10]  Thereafter Ms. Higgins entered a pro se appearance and filed an answer.[11]  A scheduling order was entered in April.[12]  On July 31, Newpath moved for a default judgment against the Curated

---

[5] (*See id.* ¶¶ 1, 62, 64, 68.)

[6] (*See id.* ¶¶ 7–8.)

[7] (Doc. Nos. 36, 37.)

[8] (*See* Defs.' Mot. to Set Aside Default, Doc. No. 54; Defs.' Mot. to Dismiss, Doc. No. 55.)

[9] (*See* Order Granting Mot. to Withdraw as Counsel, Doc. No. 83.)

[10] (*See* Order and Mem. Decision Den. Mot. to Dismiss, Doc. No. 86.)  The court granted the defendants' request to set aside the default of defendant Jared Wilson.  (*Id.* at 2.)

[11] (*See* Pro Se Notice of Appearance of Jessica Higgins, Doc. No. 89; Pro Se Answer of Jessica Higgins, Doc. No. 91.)

[12] (*See* Scheduling Order, Doc. No. 99.)

defendants.[13]  The next day, Newpath issued the subpoena to Wells Fargo seeking the Curated defendants' bank records from 2019 to present.[14]

## LEGAL STANDARDS

Because Ms. Higgins proceeds without an attorney (pro se), her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[15]  Still, pro se parties must "follow the same rules of procedure that govern other litigants."[16]

Rule 45 of the Federal Rules of Civil Procedure establishes the standards for quashing subpoenas.  The court must quash or modify a subpoena which "fails to allow a reasonable time to comply"; "requires a person to comply beyond the geographical limits specified in Rule 45(c)"; "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or "subjects a person to undue burden."[17]  Additionally, subpoenas must fall within the scope of discovery under Rule 26(b).[18]

---

[13] (Pl.'s Mot. for Entry of Default J. Against Defs. Curated Fund of Funds, LP and Curated Financial, Inc., Doc. No. 103.)

[14] (*See* Ex. 1 to Mot., Subpoena, Doc. No. 109-1.)

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[17] Fed. R. Civ. P. 45(d)(3)(A).

[18] *See Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-mc-206, 2022 U.S. Dist. LEXIS 126523, at *18 (D. Kan. July 15, 2022) (unpublished) ("[W]hile Rule 45 does not include relevance as an enumerated reason for quashing a subpoena[,] [i]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." (second and third alterations in original) (internal quotation marks omitted)).

Under Rule 26(b), discovery must be "relevant to any party's claim or defense and proportional to the needs of the case."[19]

Generally, "[a] motion to quash a subpoena may only be made by the party to whom the subpoena is directed."[20] "[A] party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."[21]

## ANALYSIS

In her motion to quash, Ms. Higgins argues the subpoena's requests are overbroad, irrelevant, duplicative, unduly burdensome, meritless, and harassing.[22] Ms. Higgins claims the relevant time period is January to November 2022, and she asserts the defendants have already produced "all pertinent documents" from this period.[23] She also argues the subpoena was "improperly served" on her individually.[24]

Ms. Higgins fails to demonstrate she has standing to challenge the subpoena to Wells Fargo. Ms. Higgins does not allege she has any personal right or privilege with respect to the Curated defendants' bank records. To the extent she may be attempting to challenge the subpoena on behalf of the Curated defendants in her capacity as an

---

[19] Fed. R. Civ. P. 26(b)(1).

[20] *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-cv-00477, 2015 U.S. Dist. LEXIS 59349, at *5 (D. Utah May 5, 2015) (unpublished) (internal quotation marks omitted).

[21] *Johnson v. USANA Health Scis.*, No. 2:17-cv-00652, 2019 U.S. Dist. LEXIS 198814, at *6 (D. Utah Nov. 15, 2019) (unpublished) (internal quotations omitted).

[22] (Mot. 1, Doc. No. 109.)

[23] (*Id.*)

[24] (*Id.*)

officer, she cannot represent those entities in court as a non-attorney. Corporate entities must be represented by an attorney admitted to practice in this court.[25] Thus, Ms. Higgins cannot challenge the subpoena on behalf of the Curated defendants, and she has not established she has standing to challenge the subpoena on her own behalf.

Additionally, Ms. Higgins' argument that service of the subpoena was somehow improper because it was served on her personally is unavailing. Rule 45 requires the party issuing a subpoena to service "notice and a copy of the subpoena" on each party to the case, before it is served on the person to whom it is directed.[26] Thus, Newpath was merely complying with this requirement by serving a copy of the subpoena on Ms. Higgins.

## CONCLUSION

Ms. Higgins' motion to quash[27] is denied.

DATED this 13th day of August, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[25] *See* DUCivR 83-1.3(c)(2) ("A corporation, association, partnership, or other artificial entity must be represented by an attorney who is admitted under DUCivR 83-1.1.").

[26] Fed. R. Civ. P. 45(a)(4).

[27] (Doc. No. 109.)