IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEWPATH MUTUAL INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> JESSICA HIGGINS; JARROD WILSON, M.D.; CURATED FUND OF FUNDS, LP; CURATED FINANCIAL, INC.; MAGELLAN ADMINISTRATION CO., <br><br> Defendants. | **ORDER AND MEMORANDUM DECISION DENYING MOTION FOR DEFAULT JUDGMENT** <br><br> Case No. 2:22-cv-709-TC-DAO <br><br> Judge Tena Campbell <br> Magistrate Judge Daphne A. Oberg |

On June 5, 2023, this court entered a certificate of default against Defendants Curated Fund of Funds, LP, and Curated Financial, Inc. (collectively, the Curated Entities). (ECF Nos. 36–37.) The court later denied a motion to set aside those defaults. (Order dated Mar. 19, 2024, ECF No. 86.) Plaintiff Newpath Mutual Insurance Co. (Newpath) now moves the court to enter default judgment against the Curated Entities. (ECF No. 103.) Because this request is premature, the court denies the motion.

## BACKGROUND

This case concerns a dispute about who controls Newpath, a captive insurance company established in Utah. Newpath alleges that Defendant Jessica Higgins (and others) improperly wrested control of Newpath's Board of Directors and misappropriated funds from the company under false pretenses. (Compl. ¶¶ 1, 68, ECF No. 2.) Newpath further alleges that Ms. Higgins controlled the Curated Entities and directed the misappropriated funds to those businesses. (Id. ¶¶ 7, 68.) Newpath has asserted two causes of action against the Curated Entities: 1) conversion

or misappropriation of funds; and 2) aiding and abetting breaches of fiduciary duty.  (Id. ¶¶ 94–97, 103–05.)  Newpath has also asserted these causes of action against Ms. Higgins.  (See id.)

## LEGAL STANDARD

Entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process.  See Meyers v. Pfizer, Inc., 581 F. App'x 708, 710 (10th Cir. 2014).  If a defendant fails to timely respond to the complaint after proper service, a plaintiff may request entry of a default by the court clerk, who then decides whether to enter a default.  Id. (citing Fed. R. Civ. P. 55(a)).  "If the clerk enters a default, the plaintiff can ask the court to grant a default judgment."  Id. (citing Fed. R. Civ. P. 55(b)(2)).

A trial court has broad discretion in deciding whether to enter a default judgment. Galloway v. Hadl, No. 07-3016-KHV, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008) (citing Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987)).  Furthermore, a plaintiff must establish that the amount of requested damages is reasonable under the circumstances.  DeMarsh v. Tornado Innovations, L.P., No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009).  "Damages may be awarded only if the record adequately reflects the basis for [the] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"  Id. (quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)).

## ANALYSIS

Newpath asks the court to enter a default judgment against the Curated Entities in the amount of $144,404.66 (plus prejudgment interest), an amount that corresponds to the money that Newpath alleges was misappropriated.  But Newpath maintains that this misappropriation

occurred under the direction of Ms. Higgins, a non-defaulting defendant, and the causes of action Newpath asserts against the Curated Entities—for conversion and for aiding and abetting the breach of a fiduciary duty—are also asserted against Ms. Higgins.  Indeed, Newpath alleges that it was Ms. Higgins who falsely alleged that she had an ownership interest in Magellan, a company that purported to sign an administrative services agreement with Newpath (see Compl. ¶¶ 43, 35, 62–63), and that it was Ms. Higgins who seized Newpath's funds and directed them to the Curated Entities (see id. ¶ 68).

Courts are reluctant to grant a default judgment against defaulting defendants where a non-defaulting defendant is jointly liable for the same conduct, see Frow v. De La Vega, 82 U.S. 552, 554 (1872) ("The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default … against him, and proceed with the cause upon the answers of the other defendants."), or where a non-defaulting defendant shares a "closely related, if not identical, defense …."  Nautilus Ins. Co. v. Watson, No. 3:11-cv-1061, 2012 WL 4097731, at *2 (D. Conn. Sept. 10, 2012) (cleaned up).  Granting a default judgment in these circumstances would effectively decide the case before the non-defaulting defendant has had an opportunity to be heard.

In addition, such a procedure would not be the most efficient use of judicial resources. Although, given their default, the Curated Entities may not defend against Newpath's claims, they may nevertheless later move to set aside a default judgment, at which point the court must consider—among other factors—whether the defaulting defendants presented a "meritorious defense."  In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978).

Accordingly, and while the Curated Entities remain in default, the court declines to enter

default judgment at this time.  See Farberware, Inc. v. Groben, No. 89-CIV-6240, 1991 WL

123964, at *2 (S.D.N.Y. July 3, 1991) ("[I]t is appropriate to enter a default, though not a

judgment, against the defaulting party, thereby barring his participation in further proceedings as

to the merits.  If the remaining defendants prevail, the defaulting defendant would then be

exonerated, whereas if the plaintiff prevails on the merits, judgment would be entered against all

defendants, including the defaulting party.").

**ORDER**

For the reasons stated above, the Plaintiff's Motion for Default Judgment (ECF No. 103)

is DENIED without prejudice.

SO ORDERED this 13th day of August, 2024.

BY THE COURT:

Tena Campbell
United States District Judge

4