UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NEWPATH MUTUAL INSURANCE CO.,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA HIGGINS; JARROD WILSON, M.D.; CURATED FUND OF FUNDS, LP; CURATED FINANCIAL, INC.; and MAGELLAN ADMINISTRATION CO.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING JESSICA HIGGINS' MOTION TO COMPEL DEPOSITIONS (DOC. NO. 116)**<br><br>Case No. 2:22-cv-00709<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Jessica Higgins, proceeding without an attorney, has filed a motion to compel depositions,[1] which the court also construes a motion for extension of fact discovery. Ms. Higgins filed her motion on the August 30, 2024 fact discovery deadline.[2] Ms. Higgins contends Plaintiff Newpath Mutual Insurance Co. has ignored her requests to schedule depositions and refuses to agree to an extension of the fact discovery deadline.[3] Ms. Higgins seeks to compel Newpath to schedule the depositions and to agree to an extension of fact discovery.[4]

Newpath opposes the motion, arguing Ms. Higgins did not request any depositions until August 2, then indicated she was not available until after discovery

---

[1] (Mot. to Compel Oral and/or Videotaped Deps. ("Mot."), Doc. No. 116.)

[2] (*See id.*; Scheduling Order, Doc. No. 99.)

[3] (Mot. 1, Doc. No. 116.)

[4] (*Id.*)

1

closed; she failed to offer dates before or after the close of fact discovery; and she never issued depositions notices or subpoenas.[5]

Ms. Higgins' motion is denied. As explained below, because Ms. Higgins has not demonstrated she gave reasonable written notice of any deposition before the close of fact discovery, her motion to compel depositions is denied. Further, because Ms. Higgins has not demonstrated diligent efforts to comply with the existing deadlines, her request for an extension of fact discovery is denied.

## ANALYSIS

As an initial matter, because Ms. Higgins proceeds without an attorney (pro se), her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[6] Still, pro se parties must "follow the same rules of procedure that govern other litigants."[7] With these standards in mind, Ms. Higgins' request to compel Newpath to schedule depositions is addressed first, then, her request to extend fact discovery.

1. *Request to Compel Depositions*

Rule 30 of the Federal Rules of Civil Procedure provides: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party."[8] "The notice must state the time and place of the deposition and, if known, the

---

[5] (*See* Pl.'s Resp. in Opp'n to Def. Jessica Higgins' Mot. to Compel Deps. ("Opp'n"), Doc. No. 118.)

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[8] Fed. R. Civ. P. 30(b)(1).

deponent's name and address."[9]  Additionally, "[a] deponent's attendance may be compelled by subpoena under Rule 45."[10]

Ms. Higgins has not shown she gave reasonable written notice as required under Rule 30 for any deposition within the fact discovery period.  As shown in the emails attached to Ms. Higgins' motion, Ms. Higgins emailed Newpath's counsel on August 2, 2024, that she "would like to depose all parties sometime this month per the scheduling order," and asked to know "any day that works for each."[11]

On August 9, Newpath responded by offering seven dates in August for one of the deponents (Newpath's president).[12]  Ms. Higgins responded the same day that she was "out of pocket through Aug as stated in the last message," and requested to "book all in compliance with the scheduling order post [A]ugust."[13]  Newpath's counsel responded an hour later, reminding Ms. Higgins that fact discovery closed on August 30 and indicating Newpath would not agree to an extension.[14]  Ms. Higgins responded the same afternoon that she would "do depos after your interrogatories are submitted" and asked for dates and times (but did not address the dates already provided by Newpath's counsel).[15]  She also included a list of twenty-two individuals and entities to be

---

[9] *Id.*

[10] Fed. R. Civ. P. 30(a)(1).

[11] (Doc. No. 116-1 at 13.)

[12] (*Id.*)

[13] (*Id.* at 12.)

[14] (*Id.*)

[15] (*Id.* at 7.)

3

deposed.[16]  Newpath's counsel responded shortly after, indicating interrogatory responses would be provided "on the date they are due, Friday, August 30, 2024."[17] Ms. Higgins did not provide any other emails after August 9.  Nor did she provide evidence that she ever issued any other deposition notice or subpoena.

      Ms. Higgins has not demonstrated she issued any deposition notice which complied with Rule 30.  Specifically, although she made a general request for deposition dates, she failed to issue any written notice stating the time and place of any deposition within the fact discovery period.  In fact, Ms. Higgins represented she was unavailable before the fact discovery deadline, and demanded to schedule depositions after this deadline without first obtaining an extension.  Where Ms. Higgins failed to properly issue notice of any depositions, Ms. Higgins' motion to compel depositions is denied.

    2. *Request to Extend Fact Discovery*

      A scheduling order "may be modified only for good cause and with the judge's consent."[18]  "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts."[19]  This standard "obligates the moving party to provide an adequate explanation for any delay."[20]

---

[16] (*Id.* at 7–11.)

[17] (*Id.* at 6.)

[18] Fed R. Civ. P. 16(b)(4).

[19] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014)).

[20] *Id.* (citation omitted).

Ms. Higgins has not demonstrated diligent efforts to schedule depositions before the current fact discovery deadline. The scheduling order in this case was entered on April 26, 2024, setting the close of fact discovery on August 30, 2024.[21] Thus, fact discovery was open for approximately four months. As described above, Ms. Higgins waited until the last month, on August 2, to request deposition dates—then indicated she was unavailable for depositions during the entirety of that month (i.e., the remainder of the discovery period).[22] Neither Ms. Higgins' motion nor the attached emails explain why she waited until August 2 to attempt to schedule depositions, nor why she was unavailable for the remainder of the month to conduct them. Moreover, despite apparently knowing since August 9 that she would need an extension of discovery, Ms. Higgins waited until the last day of fact discovery, August 30, to request an extension.

Even affording Ms. Higgins the necessary leeway as a pro se party, the fact remains that she has offered no explanation whatsoever for her delay in attempting to schedule depositions, nor her unavailability during the remainder of the fact discovery period. She simply has not met her burden to show the existing deadline could not be met despite diligent efforts. Accordingly, Ms. Higgins has not demonstrated good cause to extend fact discovery, and her request for an extension is denied.

---

[21] (Doc. No. 99.)

[22] (*See* Doc. No. 116-1 at 12–13.)

## CONCLUSION

Ms. Higgins' motion[23] to compel depositions and to extend fact discovery is denied.

DATED this 7th day of October, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[23] (Doc. No. 116.)