UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| NEWPATH MUTUAL INSURANCE CO., <br><br>Plaintiff, <br><br>v. <br><br>JESSICA HIGGINS; JARROD WILSON, M.D.; CURATED FUND OF FUNDS, LP; CURATED FINANCIAL, INC.; and MAGELLAN ADMINISTRATION CO., <br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING JESSICA HIGGINS AND JARROD WILSON'S MOTION FOR CONTINUANCE** <br>**(DOC. NO. 138)** <br><br>Case No. 2:22-cv-00709 <br><br>District Judge Tena Campbell <br><br>Magistrate Judge Daphne A. Oberg |

Jessica Higgins and Jarrod Wilson, proceeding without an attorney, have filed a motion to continue the pretrial conference set for February 25, 2025, in order to reopen discovery.[1] They also seek reconsideration of prior orders denying motions to compel filed by Ms. Higgins and Dr. Wilson.[2] Newpath Mutual Insurance Co. opposes the motion.[3] Because Ms. Higgins and Dr. Wilson have not shown good cause to reopen discovery, and they fail to provide any valid reason to reconsider prior orders, their motion is denied.

LEGAL STANDARDS

As an initial matter, because Ms. Higgins and Dr. Wilson proceed without an attorney (pro se), their filings are liberally construed and held "to a less stringent

---

[1] (Mot. for Continuance of Time ("Mot."), Doc. No. 138.)

[2] (*See id.* at 2.)

[3] (Pl.'s Resp. in Opp'n to Defs.' Mot. for Continuance ("Opp'n"), Doc. No. 140.)

1

standard than formal pleadings drafted by lawyers."[4] Still, pro se parties must follow the same rules of procedure governing other litigants.[5]

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."[6] Demonstrating good cause under this rule "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[7] Relevant factors for courts to consider in determining whether good cause exists to reopen discovery include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[8]

A motion for reconsideration is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law."[9] Grounds for reconsideration include "(1) an intervening change in the controlling law, (2) new evidence previously

---

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[6] Fed. R. Civ. P. 16(b)(4).

[7] *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) (citation omitted).

[8] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Tracy v. Youth Health Assocs.*, No. 1:20-cv-00088, 2021 U.S. Dist. LEXIS 110051, at *4 (D. Utah June 9, 2021) (unpublished).

[9] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

unavailable, and (3) the need to correct clear error or prevent manifest injustice."[10] But a motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[11]

## BACKGROUND

Fact discovery closed in this case on August 30, 2024, and expert discovery closed on October 25, 2024.[12] On the fact discovery deadline, Ms. Higgins filed a motion to compel depositions of Newpath officers and employees.[13] Ms. Higgins argued Newpath failed to cooperate in scheduling the depositions.[14] The court denied the motion on October 7, 2024, finding Ms. Higgins failed to diligently pursue the depositions before fact discovery closed.[15]

Separately, Dr. Wilson filed a motion to compel Newpath to respond to written discovery on September 9, 2024, asserting Newpath failed to provide any response to discovery requests served on July 31.[16] But Newpath filed an opposition with a copy of

---

[10] *Id.*

[11] *Id.*

[12] (Scheduling Order, Doc. No. 99.)

[13] (Mot. to Compel Oral and/or Videotaped Deps., Doc. No. 116.)

[14] (*Id.*)

[15] (Mem. Decision and Order Den. Jessica Higgins' Mot. to Compel Deps., Doc. No. 124.)

[16] (Mot. to Compel Answers to Interrogs., Reqs. for Produc., and Reqs. for Admis., Doc. No. 119.)

its discovery responses attached, showing it timely responded to the requests on August 30.[17] Accordingly, the court denied Dr. Wilson's motion on October 4.[18]

No party moved for summary judgment by the deadline to file such motions;[19] accordingly, the district judge issued an order on December 31 setting a pretrial conference for February 25, 2025.[20] Three weeks later, on January 21, 2025, Ms. Higgins and Dr. Wilson filed a version of the instant motion for a continuance.[21] The motion was stricken because it was unsigned,[22] and Ms. Higgins and Dr. Wilson refiled a signed version on January 23.[23]

## ANALYSIS

Ms. Higgins and Dr. Wilson argue discovery should be reopened for three reasons. First, they assert Newpath has been "unwilling to schedule a single deposition" and no depositions have taken place to date.[24] Second, they claim Newpath's attorneys "lied to the Court by stating in its previous Motion (which the Court granted) that Defendants Wilson's and Higgins' requests for interrogatories were

---

[17] (Pl.'s Resp. to Jarrod Wilson's Mot. to Compel, Doc. No. 120; Ex. 3 to Pl.'s Resp. to Jarrod Wilson's Mot. to Compel, Doc. No. 120-3.)

[18] (Docket Text Order, Doc. No. 123.)

[19] (*See* Scheduling Order, Doc. No. 99 (setting December 2, 2024, as the deadline to file dispositive motions).)

[20] (Order Setting Pretrial Conf., Doc. No. 134.)

[21] (*See* Doc. No. 136.)

[22] (*See* Doc. No. 137.)

[23] (Mot., Doc. No. 138.)

[24] (*Id.* at 1.)

duplicative," and they assert Dr. Wilson has been "completely deprived of any discovery whatsoever."[25] Third, they argue Newpath has provided no evidence to support its claims, leaving them "unable to fully understand the nature of the claims being made against [them]."[26] Ms. Higgins and Dr. Wilson request "another month to attempt to collect discovery," and they ask the court to reconsider the prior orders denying Ms. Higgins' and Dr. Wilson's motions to compel.[27]

Ms. Higgins and Dr. Wilson have not demonstrated good cause to reopen discovery, nor any valid basis to reconsider prior orders. Their first argument regarding Newpath's unwillingness to schedule depositions merely recycles arguments previously asserted in Ms. Higgins' prior motion to compel, which the court rejected.[28] Ms. Higgins does not identify any change in the law or new evidence justifying reconsideration of the prior order, nor does she offer any reason why the prior order is clearly erroneous or manifestly unjust.[29]

In their second argument, Ms. Higgins and Dr. Wilson reference a prior Newpath motion regarding Ms. Higgins and Dr. Wilson's written discovery requests, but it is unclear what motion they are referring to. Although Newpath has filed motions to

---

[25] (*Id.*)

[26] (*Id.* at 2.)

[27] (*Id.*)

[28] (Mot. to Compel Oral and/or Videotaped Deps., Doc. No. 116; Mem. Decision and Order Den. Jessica Higgins' Mot. to Compel Deps., Doc. No. 124.)

[29] *See Servants of the Paraclete*, 204 F.3d at 1012.

compel Ms. Higgins to respond to *Newpath's* discovery requests,[30] Newpath has not filed any motion regarding *Defendants'* discovery requests. To the extent this second argument refers to Dr. Wilson's motion to compel,[31] Dr. Wilson has offered no basis to reconsider the order denying his motion. He also has not shown he was "completely deprived of any discovery."[32] As noted in the prior order, Newpath responded to Dr. Wilson's discovery requests,[33] and Dr. Wilson did not file any motion challenging the adequacy of Newpath's responses.

As to the third argument, the need for discovery regarding Newpath's claims has been apparent from the beginning of the case. Ms. Higgins and Dr. Wilson offer no reason why they were unable to pursue such discovery during the fact discovery period. They have not shown they diligently pursued discovery within the existing deadlines, nor that the discovery they now seek was unforeseeable. Ms. Higgins and Dr. Wilson also fail to explain their delay in seeking to reopen discovery. They filed the instant motion nearly five months after fact discovery closed, three months after expert discovery closed, seven weeks after the deadline to file dispositive motions passed, and three weeks after the pretrial conference was scheduled. Although no trial has been set, reopening discovery at this stage (particularly broad discovery on all claims) would prejudice Newpath by delaying the scheduling of a trial. Discovery regarding Newpath's claims would undoubtedly be relevant, but it is simply too late to pursue it at this stage.

---

[30] (*See* Doc. Nos. 114, 125.)

[31] (Doc. No. 119.)

[32] (Mot. 1, Doc. No. 138.)

[33] (*See* Docket Text Order, Doc. No. 123.)

For these reasons, Ms. Higgins and Dr. Wilson have failed to demonstrate good cause to reopen discovery. Because they offer no other reason to continue the pretrial conference, their motion is denied.

## CONCLUSION

Ms. Higgins and Dr. Wilson's motion for a continuance[34] is denied.

DATED this 7th day of February, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[34] (Doc. No. 138.)